1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNICOLORS, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> PURPLE LABEL, INC.; *et al*., <br><br> Defendants. | Case No.: 2:21-cv-00999-SB-AGR <br> <u>*Hon. Alicia G. Rosenberg*</u> <br><br> DISCOVERY MATTER <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> NOTE CHANGES MADE BY THE COURT |

     Pursuant to Fed.R.Civ.P. 26(c), the parties to this lawsuit, through undersigned counsel, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action;

**GOOD CAUSE STATEMENT**

     It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing shall be

designated without a good faith belief that there is good cause why it should not be part of the public record of this case.  Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

(a) Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

(b) The names, or other information tending to reveal the identity of a party's supplier, designer, distributor, or customer;

(c) Agreements with third-parties, including license agreements, distributor agreements, manufacturing agreements, design agreements, development agreements, supply agreements, sales agreements, or service agreements;

(d) Research and development information;

(e) Proprietary engineering or technical information, including product design, manufacturing techniques, processing information, drawings, memoranda and reports;

(f) Information related to budgets, sales, profits, costs, margins, licensing of technology or designs, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

(g) Information related to internal operations including personnel information;

(h) Information related to past, current and future product development;

(i)    Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and

(j)    Trade secrets (as defined by the jurisdiction in which the information is located).

Unrestricted or unprotected disclosure of such confidential technical, commercial or personal information would result in prejudice or harm to the producing party by revealing the producing party's competitive confidential information, which has been developed at the expense of the producing party and which represents valuable tangible and intangible assets of that party. Additionally, privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

The parties agree, subject to the Court's approval, that the following terms and conditions shall apply to this civil action.

1.    <u>Designated Material</u>.

1.1    Information or material may be designated for confidential treatment pursuant to this Protective Order by any party, person or entity producing or lodging it in this action (the "Designating Party"), if:  (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court.  All such information and material and all information or material derived from it constitutes "Designated Material" under this Protective Order.  <u>This Order does not govern the use of Designated Material at trial.</u>

1.2    Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Designated Materials designated under this Protective

Order shall be used by the parties and persons receiving such Designated Materials solely for conducting the above-captioned litigation and any appellate proceeding relating thereto.  Designated Material shall not be used by any party or person receiving them for any business or any other purpose.  No party or person shall disclose Designated Material to any other party or person not entitled to receive such Designated Material under the specific terms of this Protective Order.  For purposes of this Protective Order, "disclose" or "disclosed" means to show, furnish, reveal or provide, indirectly or directly, any portion of the Designated Material or its contents, orally or in writing, including the original or any copy of the Designated Material.

   2. <u>Access to Designated Materials</u>.

   2.1 <u>Materials Designated "CONFIDENTIAL"</u>:  Subject to the limitations set forth in this Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purpose of preventing the disclosure of information or materials that the designating party in good faith believes is confidential. Before designating any specific information or material "CONFIDENTIAL," the Designating Party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Such information may include, but is not limited to:

   (a) The financial performance or results of the Designating Party, including without limitation income statements, balance sheets, cash flow analyses, budget projections, and present value calculations;

   (b) Corporate and strategic planning by the Designating Party, including without limitation marketing plans, competitive intelligence reports, sales projections and competitive strategy documents;

   (c) Names, addresses, and other information that would identify customers or prospective customers, or the distributors or prospective distributors of the Designating Party;

1      (d)     Technical data, research and development data, and any other

2  confidential commercial information, including but not limited to trade secrets of

3  the Designating Party;

4      (e)     Information used by the Designating Party in or pertaining to its

5  trade or business, which information the Designating Party believes in good faith

6  has competitive value, which is not generally known to others and which the

7  Designating Party would not normally reveal to third parties except in

8  confidence, or has undertaken with others to maintain in confidence;

9      (f)     Information which the Designating Party believes in good faith falls

10  within the right to privacy guaranteed by the laws of the United States or

11  California; and

12      (g)     Information which the Designating Party believes in good faith to

13  constitute, contain, reveal or reflect proprietary, financial, business, technical, or

14  other confidential information.

15      (h)     The fact that an item or category is listed as an example in this or

16  other sections of this Protective Order does not, by itself, render the item or

17  category discoverable.

18      2.1.0  Materials designated "CONFIDENTIAL" may be disclosed only to

19  the following Designees:

20      2.1.1  Persons who appear on the face of Designated Materials marked

21  "CONFIDENTIAL" as an author, addressee, or recipient thereof;

22      2.1.2  Counsel retained as outside litigation attorneys of record in this

23  action, and their respective associates, clerks, legal assistants, stenographic,

24  videographic and support personnel, and other employees of such outside

25  litigation attorneys, and organizations retained by such attorneys to provide

26  litigation support services in this action and the employees of said organizations.

27  "Counsel" explicitly excludes any in-house counsel whether or not they are

28  attorneys of record in this action.

2.1.3  Consultants, including non-party experts and consultants retained or employed by Counsel to assist in the preparation of the case, to the extent they are reasonably necessary to render professional services in this action, and subject to the disclosure requirements of section 2.3.  Each consultant must sign a certification that he or she has read this Stipulated Protective Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of this Order's provisions.

2.1.4  A party's officers and/or employees, which may include in-house counsel.

2.1.5  The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court;

2.1.6 Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

2.1.7 Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2.1.8 Court reporters and their staff

2.1.9 Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

2.1.10 During their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by and  the Designating Party authorizes same or if ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be

1  disclosed to anyone except as permitted under this Stipulated Protective Order.

2  　　　2.2　Materials Designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

3  EYES ONLY":  Subject to the limitations in this Protective Order, Designated

4  Materials may be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5  ONLY" for the purpose of preventing the disclosure of information or materials

6  which, if disclosed to the receiving party, might cause competitive harm to the

7  Designating Party.  Information and material that may be subject to this

8  protection includes, but is not limited to, technical and/or research and

9  development data, intellectual property, financial, pricing, marketing and other

10  sales data, and/or information having strategic commercial value pertaining to the

11  Designating Party's trade or business.  Nothing in paragraph 2.1 shall limit the

12  information or material that can be designated "HIGHLY CONFIDENTIAL –

13  ATTORNEYS' EYES ONLY" under this paragraph.  Before designating any

14  specific information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

15  ONLY," the Designating Party's counsel shall make a good faith determination

16  that the information warrants such protection.

17  　　　2.2.0  Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

18  EYES ONLY" materials may be disclosed only to the following Designees:

19  　　　2.2.1  Persons who appear on the face of Designated Materials marked

20  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as an author,

21  addressee, or recipient thereof;

22  　　　2.2.2  Counsel for the parties to this action, as defined in section 2.1.2;

23  　　　2.2.3  Consultants for the parties to this action, as defined in section 2.1.3;

24  and

25  　　　2.2.4  The Court, its clerks and secretaries, and any court reporter retained

26  to record proceedings before the Court.

27  　　　2.2.5  Court reporters retained to transcribe depositions.

28  　　　2.2.6  Any mediator or settlement officer, and their supporting personnel,

1 mutually agreed upon by any of the parties engaged in settlement discussions;

2 2.2.7 Experts of the Receiving Party to whom disclosure is reasonably

3 necessary for this Action and who have signed the "Acknowledgment and

4 Agreement to Be Bound" (Exhibit A)

5 2.2.8 Professional jury or trial consultants, mock jurors, and Professional

6 Vendors to whom disclosure is reasonably necessary for this Action and who

7 have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8 and

9 2.2.9 During their depositions, witnesses ,and attorneys for witnesses, in

10 the Action to whom disclosure is reasonably necessary provided: (1) the deposing

11 party requests that the witness sign the form attached as Exhibit 1 hereto; and (2)

12 they will not be permitted to keep any confidential information unless they sign

13 the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

14 otherwise agreed by and  the Designating Party authorizes same or if ordered by

15 the Court. Pages of transcribed deposition testimony or exhibits to depositions

16 that reveal Protected Material may be separately bound by the court reporter and

17 may not be disclosed to anyone except as permitted under this Stipulated

18 Protective Order.

19 2.3    If any party wishes to disclose information or materials designated

20 under this Protective Order as "HIGHLY CONFIDENTIAL," "CONFIDENTIAL

21 – ATTORNEYS' EYES ONLY" to any Consultant, it must first identify that

22 individual to the Counsel for the Designating Party and submit a Certification of

23 Consultant pursuant to Section 3.  CONFIDENTIAL – ATTORNEYS' EYES

24 ONLY

25 2.4    <u>Legal Effect of Designation</u>.  The designation of any information or

26 materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

27 EYES ONLY" is intended solely to facilitate the conduct of this litigation.

28 Neither such designation nor treatment in conformity with such designation shall

1  be construed in any way as an admission or agreement by any party that the

2  Designated Materials constitute or contain any trade secret or confidential

3  information.  Except as provided in this Protective Order, no party to this action

4  shall be obligated to challenge the propriety of any designation, and a failure to

5  do so shall not preclude a subsequent attack on the propriety of such designation

6  consistent with the Court's scheduling order.

7      2.5    Nothing herein in any way restricts the ability of the receiving party

8  to use "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

9  EYES ONLY" material produced to it in examining or cross-examining any

10 employee or consultant of the Designating Party.

11     2.6    The parties agree that the Plaintiff may be provided the alleged

12 infringers' full identities, revenues, and gross profits numbers, notwithstanding

13 any party's designation of documents showing such figures as

14 "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

15 ONLY".

16     3.    Certificates Concerning Designated Materials.  Each Consultant as

17 defined in section 2.1.3, to whom any Designated Materials will be disclosed

18 shall, prior to disclosure of such material, execute the Acknowledgement of

19 Stipulated Protective Order in the form attached hereto as Exhibit A.  Counsel

20 who makes any disclosure of Designated Materials shall retain each executed

21 Acknowledgement of Stipulated Protective Order and shall circulate copies to all

22 Counsel for the opposing party concurrently with the identification of the

23 Consultant to the attorneys for the Designating Party pursuant to Section 2.3.

24     4.    Use of Designated Materials by Designating Party.  Nothing in this

25 Protective Order shall limit a Designating Party's use of its own information or

26 materials, or prevent a Designating Party from disclosing its own information or

27 materials to any person.  Such disclosure shall not affect any designations made

28 pursuant to the terms of this Protective Order, so long as the disclosure is made in

a manner that is reasonably calculated to maintain the confidentiality of the information.

5.    Manner of Designating Written Materials.

5.1    Documents, discovery responses and other written materials shall be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" whether in whole or in part, as follows.

5.2    The producing party shall designate materials by placing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page so designated prior to production.  If the first or cover page of a multi-page document bears the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire document shall be deemed so designated, and the absence of marking each page shall not constitute a waiver of the terms of this Order.  If the label affixed to a computer disk containing multiple files bears the legend "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire disk shall be deemed so protected, and the absence of marking of each file shall not constitute a waiver of the terms of this Order.

5.3    A designation of ""CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as to any item, thing or object that cannot otherwise be categorized as a document, shall be made: (1) by placing the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the thing, object or container within which it is stored; or (2) by specifically identifying, in writing, the item and the level of confidentiality designation, where such labeling is not feasible.

5.4    When a party wishes to designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials produced by someone other than the Designating Party (a "Producing Party"), such designation shall be made:

5.4.1  Within fifteen (15) business days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

5.4.2  By notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).  Such notice shall be sent by facsimile and regular mail.

5.4.3.  A party shall be permitted to designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced by a Producing Party only where:

a.  The material being produced was provided to or developed by such Producing Party: (i) under a written confidentiality agreement with the Designating Party; or (ii) within a relationship with the Designating Party (or a party operating under the control thereof) in which confidentiality is imposed by law (including, but not limited, to the employment relationship and the vendor-customer relationship); and

b.  The material being produced would be considered confidential material of the Designating Party under Section 2.1 of this Agreement if it were in the possession of the Designating Party.

5.5  Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

5.5.1  Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

5.5.2  Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Protective Order; and

5.5.3  If "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material or information contained therein is

disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Designating Party in writing of all pertinent facts relating to such disclosure, and shall make every effort to prevent further disclosure by the unauthorized person(s).

6.     <u>Manner of Designating Deposition Testimony</u>.

6.1     Deposition transcripts and portions thereof taken in this action may be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the deposition or after, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

6.2     Where testimony is designated during the deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Designated Material.

6.3     Within thirty (30) days after a deposition transcript is certified by the court reporter, any party may designate pages of the transcript and/or its exhibits as Designated Material.  During such thirty (30) day period, the transcript in its entirety shall be treated as "CONFIDENTIAL" (except for those portions identified earlier as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" which shall be treated accordingly from the date of designation).  If any party so designates such material, the parties shall provide written notice of such designation to all parties within the thirty (30) day period.  Designated Material within the deposition transcript or the exhibits thereto may be identified in writing by page and line, or by underlining and marking such portions "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" and providing such marked-up portions to all counsel.

7. <u>Copies</u>.  All complete or partial copies of a document that disclose Designated Materials shall be subject to the terms of this Protective Order.

8. <u>Court Procedures</u>.

8.1 <u>Disclosure of Designated Material to Court Officials</u>.  Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master, referee, expert, technical advisor or Third-Party Consultant appointed by the Court), ~~and to the jury in this action,~~ and any interpreters interpreting on behalf of any party or deponent.

8.2 <u>Filing Designated Materials with the Court</u>.  Nothing in this Order shall vary the requirements for filing under Seal imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  If a party wishes to file with the Court any document, transcript or thing containing information which has been designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the Party shall designate the material as set forth herein and file it with the Court in an application for filing under seal under the Local Rules of this Court, with the material bearing the legend:

**"[CONFIDENTIAL, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY] INFORMATION SUBJECT TO PROTECTIVE ORDER."**

The Application for Filing under Seal must ~~show good cause~~ <u>make a legally sufficient showing</u> for the under seal filing <u>in compliance with Local Rule 79-5</u>. Filing the document under seal shall not bar any party from unrestricted use or dissemination of those portions of the document that do not contain material designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If a filing party fails to designate information as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," any party who in good faith believes that designation and filing under seal is required by this Protective Order may move the Court to file said information under seal underline{pursuant to the procedures in Local Rule 79-5}. ~~within five (5) days of learning of the defective filing~~.  Notice of such designation shall be given to all parties.  Nothing in this provision relieves a party of liability for damages caused by failure to properly file Designated Material under seal.

8.3     <u>Retrieval of Designated Materials</u>.  The party responsible for lodging or filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of the action (including after any appeals).

9.     <u>Objections</u>

9.1     A party may challenge any designation under this Protective Order at any time <u>consistent with the Court's scheduling order</u>, on the grounds that the information or material does not meet the standards of Sections 1 and 2, by following the procedure of Local Rule 37 of this Court.

9.2     The parties shall meet and confer in good faith prior to the filing of any motion under this section.

10.     <u>Client Communication</u>.  Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose any Designated Material, except as otherwise permitted by this Protective Order.

11.     <u>No Prejudice</u>.

11.1     This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consented in writing before the disclosure takes place.

11.2    Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

11.3    If any party required to produce documents contends that it inadvertently produced any Designated Material without marking it with the appropriate legend, or inadvertently produced any Designated Material with an incorrect legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped substitute copies of the Designated Material.  If the parties collectively agree to replacement of the Designated Material, then the documents will be so designated.  Within five (5) business days of receipt of the substitute copies, the receiving party shall return the previously unmarked or mismarked items and all copies thereof.  If the parties do not collectively agree to replacement of the Designated Material, the producing party shall comply with the procedure of Local Rule 37 in seeking protection for the inadvertently produced material.

11.4    Neither the provisions of this Protective Order, nor the filing of any material under seal, shall prevent the use in open court, in deposition, at any hearing, or at trial of this case of any material that is subject to this Protective Order or filed under seal pursuant to its provisions.  At deposition, the party using Designated Material must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such Designated Material.  ~~At trial, the party using Designated Material must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such Designated Material.~~  All confidentiality designations or legends placed pursuant to this Stipulated Protective Order shall be removed from any document or thing used as a trial exhibit in this case.  ~~The removal of such confidentiality designations or legends under the preceding sentence shall not affect the treatment of such documents and~~

1   ~~things as Designated Material under this Stipulated Protective Order.~~  Upon

2   request of a party, the parties shall meet and confer concerning the use and

3   protection of Designated Material in open court at any hearing.  Prior to the

4   pretrial conference, the parties shall meet and confer concerning appropriate

5   methods for dealing with Designated Material at trial.

6         11.5   Any inadvertent production of documents containing privileged

7   information shall not be deemed to be a waiver of the attorney-client privilege,

8   work product doctrine, or any other applicable privilege or doctrines.  All parties

9   specifically reserve the right to demand the return of any privileged documents

10  that it may produce inadvertently during discovery if the producing party

11  determines that such documents contain privileged information.  After receiving

12  notice of such inadvertent production by the producing party, the receiving party

13  agrees to make reasonable and good faith efforts to locate and return to the

14  producing party all such inadvertently produced documents.

15

16  12.   <u>Modification and Survival</u>.

17        12.1   <u>Modification</u>.  The parties reserve the right to seek modification of

18  this Protective Order at any time for good cause.  The parties agree to meet and

19  confer prior to seeking to modify this Protective Order for any reason. The

20  restrictions imposed by this Protective Order may only be modified or terminated

21  by written stipulation of all parties or by order of this Court.  Parties entering into

22  this Protective Order will not be deemed to have waived any of their rights to

23  seek later amendment to this Protective Order.

24        12.2   <u>Trial</u>.  <u>Designated Material used at trial shall become public absent a</u>

25  <u>separate order by the trial judge upon sufficient cause shown.</u>  Even after final

26  disposition of this litigation, the confidentiality obligations imposed by this Order

27  shall remain in effect until a Designating Party agrees otherwise in writing or a

28  court order otherwise directs. Final disposition shall be deemed to be the later of

1  (1) dismissal of all claims and defenses in this Action, with or without prejudice;

2  and (2) final judgment herein after the completion and exhaustion of all appeals,

3  rehearings, remands, trials, or reviews of this Action, including the time limits for

4  filing any motions or applications for extension of time pursuant to applicable

5  law.

6   The use of Designated Materials at depositions ~~or trial~~ does not void the

7  documents' status as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

8  ATTORNEYS' EYES ONLY" material or void the restrictions on the use of the

9  Designated Materials. Upon request of a party, the parties shall meet and confer

10  concerning the use and protection of Designated Material in open court at any

11  hearing.  .

12   12.3  <u>Survival and Return of Designated Material</u>.  This Protective Order

13  shall survive termination of this action prior to trial of this action.  Upon final

14  termination of the action prior to trial of this action, and at the written request

15  of the Designating Party, all Designated Material, including deposition

16  testimony, and all copies thereof, shall be returned to counsel for the

17  Designating Party (at the expense of the Designating Party) or (at the option

18  and expense of the requesting party) shall be destroyed.  Upon request for the

19  return or destruction of Designated Materials, counsel shall certify their

20  compliance with this provision and shall serve such certification to counsel

21  for the Designating Party not more than ninety (90) days after the written

22  request to return or destroy Designated Materials.  Counsel who have

23  submitted one or more Certificate(s) prepared pursuant to Section 3 do not

24  need to retain such Certificate(s) past the ninety (90) day period.

25   13.  <u>No Contract</u>.  This Protective Order shall not be construed to

26  create a contract between the parties or between the parties and their

27  respective counsel.

28   14.  ~~<u>Court's Retention of Jurisdiction</u>.  The Court retains jurisdiction~~

1   ~~after final termination of the action prior to trial, to enforce this Stipulation.~~

2       15.   <u>Exception for Public Information</u>.  Nothing in this Stipulation shall be

3   deemed in any way to restrict the use of documents or information which are

4   lawfully obtained or publicly available to a party independently of discovery in this

5   action, whether or not the same material has been obtained during the course of

6   discovery in the action and whether or not such documents or information have

7   been designated hereunder.  However, in the event of a dispute regarding such

8   independent acquisition, a party wishing to use any independently acquired

9   documents or information shall bear the burden of proving independent

10  acquisition.

11      16.   Unless and until otherwise ordered by the Court or agreed to in

12  writing by the parties, all Designated Materials designated under this Stipulated

13  Protective Order shall be used by the parties and persons receiving such

14  Designated Materials solely for conducting the above-captioned litigation and any

15  appellate proceeding relating thereto.  Designated Material shall not be used by any

16  party or person receiving them for any business or any other purpose.  No party or

17  person shall disclose Designated Material to any other party or person not entitled

18  to receive such Designated Material under the specific terms of this Stipulated

19  Protective Order.  For purposes of this Stipulated Protective Order, "disclose" or

20  "disclosed" means to show, furnish, reveal or provide, indirectly or directly, any

21  portion of the Designated Material or its contents, orally or in writing, including

22  the original or any copy of the Designated Material

23      17. Use of Designated Materials by Designating Party.  Nothing in this

24  Stipulated Protective Order shall limit a Designating Party's use of its own

25  information or materials, or prevent a Designating Party from disclosing its own

26  information or materials to any person.  Such disclosure shall not affect any

27  designations made pursuant to the terms of this Stipulated Protective Order, so

28  long as the disclosure is made in a manner that is reasonably calculated to maintain

1  the confidentiality of the information.

2      18.    PROTECTED MATERIAL SUBPOENAED OR ORDERED

3  PRODUCED IN OTHER LITIGATION. If a Party is served with a subpoena or a

4  court order issued in other litigation that compels disclosure of any information or

5  items designated in this Action as "CONFIDENTIAL," "HIGHLY

6  CONFIDENTIAL—ATTORNEYS' EYES ONLY" that Party must:

7      (a)    promptly notify in writing the Designating Party. Such notification

8  shall include a copy of the subpoena or court order;

9      (b)    promptly notify in writing the party who caused the subpoena or order

10  to issue in the other litigation that some or all of the material covered by the

11  subpoena or order is subject to this Protective Order. Such notification shall

12  include a copy of this Stipulated Protective Order and shall object to the production

13  of such materials on the grounds of the existence of this Order; and

14      (c)    cooperate with respect to all reasonable procedures sought to be

15  pursued by the Designating Party whose Protected Material may be affected. At the

16  request of the party or non-party who produced or designated the material as

17  Confidential Material, the Receiving Party shall refuse to comply with the Demand

18  unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or

19  (b) released in writing by the party or non-party who designated the material as

20  confidential.  The burden of opposing the enforcement of the Demand shall fall

21  upon the party or non-party who produced or designated the material as

22  Confidential Material. Compliance by the Receiving Party with any order of a

23  court of competent jurisdiction, directing production of any Confidential Material,

24  shall not constitute a violation of this Order.

25

26      19.    A    NON-PARTY'S    PROTECTED    MATERIAL

27  SOUGHT    TO    BE PRODUCED IN THIS LITIGATION

28      (a)    The terms of this Order are applicable to information produced by a

19

Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     At the request of the party or non-party who produced or designated the material as Confidential Material, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as confidential.  The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

## **STIPULATION**

IT IS HEREBY STIPULATED by and among the parties, through their respective counsel, this Honorable Court consenting, that the foregoing Stipulated Protective Order may be entered in this action.

SO STIPULATED.

STIPULATED PROTECTIVE ORDER

Dated: July 1, 2021                    By: /s/ Trevor W. Barrett

                                       Scott A. Burroughs, Esq.
                                       Trevor W. Barrett, Esq.
                                       DONIGER /BURROUGHS
                                       Attorneys for Plaintiff

Dated: July 1, 2021                    By: /s/ H Michael Song

                                       H. Michael Song, Esq.
                                       Joanne N. Back, Esq.
                                       SONG AND BACK
                                       Attorneys for Purple Label
                                       Inc., Upscale for Less Frenzi,
                                       And Fashion Nova, Inc.

Dated: July 1, 2021                    By: /s/ Todd M. Lander

                                       Todd M. Lander, Esq.
                                       FREEMAN FREEMAN &
                                       SMILEY LLP
                                       Attorney for Kasper Group,
                                       LLC

        Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

                                       By: /s/ Trevor W. Barrett

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: August 26, 2021                 _____
                                       HON. ALICIA G. ROSENBERG
                                       UNITED STATES MAGISTRATE JUDGE

**Exhibit A**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

UNICOLORS, INC., a California
Corporation,

Plaintiff,

vs.

PURPLE LABEL, INC.; *et al.*,

Defendants.

Case No.: 2:21-cv-00999-SB-AGR
*Hon, Alicia G. Rosenberg*

DISCOVERY MATTER

**STIPULATED PROTECTIVE ORDER**

 

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER entered in the above captioned litigation, and that he/she fully understands and agrees to abide by the obligations and conditions thereof.

Dated: _____          _____
                                                                            (Signature)

                                                                            _____
                                                                            (Print Name)

22